UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ROMANE SAMPSON,

Plaintiff,

v.

LARRY DANEIL and FEDEX GROUND PACKAGE SYSTEM, INC.,

Defendants.

---------------------------------------------------------------

**ORDER**
24-CV-7109 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Romane Sampson commenced the above-captioned action against Defendants Larry Daneil ("Daneil") and FedEx Ground Package System, Inc. on July 12, 2024 in the Supreme Court of the State of New York, Kings County ("Kings County State Court"), seeking payment of personal injury damages under New York state law arising from a motor vehicle accident between Plaintiff and Daneil. (Compl., annexed to Notice of Removal as Ex. A, Docket Entry No. 1-2.) On October 9, 2024, Defendants removed the action from Kings County State Court to the United States District Court for the Eastern District of New York based on diversity of citizenship. (Notice of Removal, Docket Entry No. 1.)

On June 3, 2025, American Family Connect Insurance Company ("American Family") filed an action in the Supreme Court of the State of New York, Nassau County ("Nassau County State Court"), alleging that the motor vehicle accident was a staged incident as part of a fraudulent scheme by Plaintiff to obtain insurance benefits from American Family (the "State Court Insurance Action"). *See* Compl., *Am. Fam. Connect Ins. Co. v. Spence*, No. 611884/2025 (N.Y. Sup. Ct. filed June 3, 2025), Docket Entry No. 2. On August 29, 2025, Defendants filed a

motion to stay this action pending resolution of the State Court Insurance Action, (Defs.' Mot. to Stay, Docket Entry No. 17), and on September 18, 2025, Plaintiff opposed the motion, (Pl.'s Opp'n to Defs.' Mot. to Stay, Docket Entry No. 15). On April 1, 2026, the Nassau County State Court filed a default and declaratory judgment in the State Court Insurance Action against several parties, including Plaintiff (the "Judgment"). J., *Am. Fam. Connect Ins. Co.*, No. 611884/2025 (filed Apr. 1, 2026), Docket Entry No. 118. On April 7, 2026, the Court directed Plaintiff to show cause as to why the action should not be dismissed in light of the Judgment, and Plaintiff failed to respond by the appointed deadline. (Order dated Apr. 7, 2026; *see* Ltr. dated May 21, 2026 from Pl.'s Counsel, Docket Entry No. 19.) On June 30, 2026, Plaintiff's counsel moved to withdraw from representation, (Mot. to Withdraw as Counsel for Pl., Docket Entry No. 21), which Magistrate Judge Vera M. Scanlon granted at a hearing on July 21, 2026, after Plaintiff did not appear, despite counsel's many attempts to reach him. (*See* Min. Entry dated July 21, 2026; Order dated July 24, 2026.)

## I. Discussion

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163 (2d Cir. 2023) ("Under Rule 41(b), a district court, in its discretion, may dismiss an action for a plaintiff's want of prosecution." (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993))). Dismissal pursuant to Rule 41(b) is, however, a "harsh remedy" to be "reserved for 'extreme situations.'" *Id.* (quoting *Minnette*, 997 F.2d at 1027); *see also Friedman v. Bloomberg, L.P.*, No. 22-2967, 2024 WL 1298601, at *3 (2d Cir.

Mar. 27, 2024) (summary order) (observing that because "dismissal under Rule 41(b) is 'the harshest of sanctions' and is to be used 'only in extreme situations'" (quoting *Baptiste*, 768 F.3d at 217)); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020) (quoting same). When district courts assess whether dismissal under Rule 41(b) is appropriate, they must consider the "*Drake* factors," namely whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Mayanduenas v. Bigelow*, 849 F. App'x 308, 310–11 (2d Cir. 2021) (quoting *Lucas*, 84 F.3d at 535); *see also Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (quoting *Baptiste*, 768 F.3d at 216) (considering the same five factors). Courts must "evaluate the record in its entirety because '[n]o one factor is dispositive.'" *Weiner*, 87 F.4th at 164 (alteration in original) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "'Generally, no one factor is dispositive,' and 'a district court is not required to discuss each of the factors on the record . . . .'" *Snap Devs. LLC v. Tabak*, No. 25-CV-1221, 2026 WL 901170, at *5 (E.D.N.Y. Apr. 2, 2026) (alteration in original) (quoting *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)); *see Nodify, Inc. v. Kristan*, No. 17-CV-2201, 2020 WL 13566475, at *1 (E.D.N.Y. Apr. 17, 2020) ("As 'no one factor is dispositive,' courts need only provide an explanation for the dismissal rather than consider each factor." (quoting *Martens*, 273 F.3d at 180)), *report and recommendation adopted*, 2020 WL 13566476 (E.D.N.Y. May 6, 2020). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)); *see Tacon v. Cromwell*,

No. 24-3138, 2025 WL 1409747, at *3 (2d Cir. May 15, 2025) (summary order) (quoting *id.*), *cert. denied*, --- S. Ct. ---, 2026 WL 135740 (Jan. 20, 2026).

In evaluating the relevant factors, the Court finds that they weigh in favor of dismissal. First, Plaintiff stopped communicating with his attorneys over five months ago and stopped communicating with the Court. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666–68 (2d Cir. 1980) (affirming dismissal for failure to prosecute when the plaintiff was inactive in the case for six months); *Norman v. Tod's S.p.A.*, No. 18-CV-875, 2018 WL 2744791, at *3 (S.D.N.Y. June 7, 2018) (dismissing for failure to prosecute where the plaintiff failed to litigate for six months); *Kenny v. Potter*, No. 05-CV-1415, 2011 WL 613346, at *3 (E.D.N.Y. Jan. 24, 2011) (dismissing after "six months of inactivity on the docket" and where the plaintiff's counsel could not contact the plaintiff), *report and recommendation adopted*, 2011 WL 646919 (E.D.N.Y. Feb. 11, 2011).

Second, Plaintiff failed to appear at the conference before Judge Scanlon and offered no explanation. *See Dickson v. Barnes*, No. 22-CV-4033, 2023 WL 3293641, at *1, 3 (S.D.N.Y. May 5, 2023) (dismissing the plaintiff's claims for failure to prosecute for their failure to appear at conferences and comply with the court's orders); *Djokovic v. U.S. Just. Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1 (E.D.N.Y. Aug. 6, 2008) (adopting report and recommendation and dismissing action for failure to prosecute where the plaintiffs "failed to appear at [two] conference[s] or to request an adjournment").

In addition, dismissal with prejudice is appropriate because (1) Plaintiff has ceased to communicate with his attorneys; (2) Plaintiff has failed to communicate with the Court and failed to appear at a scheduled conference; (3) Plaintiff's counsel withdrew and Plaintiff has not obtained new counsel; and (4) lesser sanctions would not be effective because Plaintiff has failed

to prosecute this case for over five months. *See Cabrera v. RLB USA Safety & Hardware Inc.*, No. 23-CV-5267, 2024 WL 3011194, at *3–4 (E.D.N.Y. June 14, 2024) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because the plaintiff failed to: (1) prosecute the action for ten months; (2) comply with a court order that warned that the plaintiff's failure to comply may result in dismissal; and (3) obtain new counsel); *Ventoso v. Shihara*, No. 19-CV-3589, 2022 WL 19706, at *2–3 (S.D.N.Y. Jan. 3, 2022) (dismissing action with prejudice for failure to prosecute pursuant to Rule 41(b), in part, because: (1) the plaintiff failed to prosecute the action for over a year; (2) the plaintiff was put on notice that her claims were subject to dismissal; (3) the plaintiff "has not merely delayed prosecuting her case, but has altogether ceased responding to defense counsel's attempts to communicate"; and (4) "the [c]ourt [cannot] fashion a lesser remedy to cure the prejudice that [the plaintiff's] refusal to initiate arbitration impose[d] on [the] defendants").

## II. Conclusion

For the foregoing reasons, the Court dismisses with prejudice Plaintiff's claims for failure to prosecute pursuant to Rule 41(b).

Dated: August 13, 2026
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge